**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Chapter 13 |
| | : |
| Christopher M. Quigley, | : Case No.: 18-14753-JKF |
| | : |
| Debtor. | : Hearing Date: December 19, 2018 |

### MOTION OF DOUGLAS SCHWARZWAELDER AND RONALD LESICKI TO COMPEL RULE 2004 EXAMINATION

Movants, Douglas Schwarzwaelder and Ronald Lesicki, by and through their undersigned counsel, files this Motion to Compel a Rule 2004 Examination of Debtor pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1(b)(3), and in support thereof states as follows:

**Background**

1. On July 19, 2018, Debtor Christopher M. Quigley ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Movant Douglas Schwarzwaelder is a secured creditor of Debtor pursuant to a promissory note, security agreement, personal guaranty and suretyship, and pledge agreement (hereinafter, collectively, the "Agreement") entered into between the parties on or about March 9, 2018.

5. Schwarzwaelder is also a creditor under a Consulting and Commission Agreement, pursuant to which the Debtor was to pay Schwarzwaelder certain fees and/or commissions.

6. Schwarzwaelder has not yet been able to determine the amount due and owing to him under the Consulting and Commission Agreement due to the fact that the Debtor is in control of the relevant information necessary to accurately calculate said claims.

7. Movant Lesicki is a creditor of Debtor as of result of money loaned by Lesicki to Debtor.

8. Lesicki is in the process of researching and investigating the correct amount of his claim against Debtor. However, such investigation requires access to relevant information which is currently in Debtor's control.

### Request for Relief

9. In light of the above, Movants Schwarzwaelder and Lesicki (hereinafter, collectively, "Movants") seek to examine and depose Debtor, and for Debtor to produce relevant documents, pursuant to Fed. R. Bankr. P. 2004.

10. Pursuant to Fed. R. Bankr. P. 2004(a), "[o]n motion of any part in interest, the court may order the examination of any entity" subject to the scope of examination delineated in Rule 2004(b).

11. Under Local Rule 2004-1(b)(3):

> A party seeking an examination or production of documents who moves under Fed. R. Bankr. P. 2004(a) for an order authorizing an examination or the production of documents shall include in the motion a certification
>
> (A) stating that the movant attempted to consult with the proposed examinee to arrange for a mutually agreeable date, time, place and scope of an examination or production of documents, but no agreement was reached; or
>
> (B) explaining why the movant did not attempt to consult with the proposed examinee…

2

12. In accordance with Local 2004-1, counsel for Movants contacted Debtor's attorney requesting available dates and times to schedule an examination of Debtor. However, Debtor's attorney advised that Debtor would not appear voluntarily, that Debtor would not provide proposed dates and time and that a motion to compel his Rule 2004 Examination would be required. See Certification of Nicola G. Suglia, Esquire attached hereto as Exhibit "A" and incorporated herein by reference.

13. Movants have good cause to conduct a Rule 2004 examination of Debtor in light of the fact that the extent and specificity of Movants' respective claims are currently still at issue and cannot be determined without the cooperation of Debtor, who is in possession of pertinent documents and other information which would help establish the extent and amount of Movants' claims in this matter.

14. Pursuant to Fed. R. Bankr. P. 2004(b), the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

15. As set forth above, the information and documents which Movants seek to obtain relates entirely to the finances and liabilities of Debtor and are directly related to the administration of Debtor's estate.

16. Movants further respectfully request that Debtor be order to produce the following in connection with the Rule 2004 Examination Contemplated herein:

(a) any and all documents which relate, directly or indirectly, to Debtor's operation of Safe Harbor Distribution, LLC including, but not limited to: revenues generated; expenses; bank statements; profit and loss statements; balance sheets; worksheets; trial balances; financial statements; products/services sold; capital infusions; all tax returns and all schedules, federal and state; all K-1s and 1099s issued or received by Debtor; all payroll records; compensation reports; commission reports; personnel files

for employees and/or independent contractors; loans and related promissory notes and/or agreements; payments made by any insurance company, insurance broker, insurance agent, broker dealer, securities company and/or other financial institution; credit card statements/bills; travel related documents and/or information for any owner, employee or independent contractor paid for by Debtor or Safe Harbor Distribution, LLC; agreements of any nature between Debtor and Safe Harbor Distribution, LLC and/or any insurance company, insurance agency, broker dealer, securities dealer or similar entity; etc., since the inception of Safe Harbor Distribution, LLC to the present;

(b)     any and all documents which relate, directly or indirectly, to compensation due and owing pursuant to the Consulting and Commission Agreement dated March 9, 2018 between Safe Harbor Distribution, LLC and Christopher M. Quigley (defined collectively as the "Corporation") and Douglas Schwarzwaelder (defined as the "Consultant"); and

(c)     any and all documents which relate, directly or indirectly, to any funds received by Debtor and/or Safe Harbor Distribution, LLC from Ronald Lesicki and/or Safe Harbor Financial, Inc. and Debtor and/or Safe Harbor Distribution, LLC's use of the same.

17.     To date, no previous request for the relief sought herein has been made in connection with this matter.

**WHEREFORE**, Movants/Creditors Douglas Schwarzwaelder and Ronald Lesicki respectfully request that this Court enter an Order in the form attached hereto directing Debtor to appear for examination January 3, 2019 at 10:00 a.m. at the Law Offices of Cibik & Cataldo, PC, 1500 Walnut Street, Suite 900, Philadelphia, PA 19102, or at such other date and time as this Honorable Court deems appropriate, and produce and to produce any and all relevant documents/information to Movants' counsel no later than December 27, 2018, and such other and further relief as the Court deems equitable and just.

                                                Respectfully submitted,

                                                */s/ Nicola G. Suglia*
                                                Nicola G. Suglia, Esquire
                                                Fleischer, Fleischer & Suglia, P.C.
                                                Four Greentree Centre
                                                601 Route 73 North, Suite 305
                                                Marlton, NJ 08053
                                                856-489-8977
                                                nsuglia@fleischerlaw.com

                                                Attorneys for Creditors/Movants
                                                Douglas Schwarzwaelder and Ronald Lesicki

Dated:  November 12, 2018