UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Case No.: 18-14753-JFK |
| | : |
| Christopher M. Quigley, | : Chapter 13 |
| | : |
| Debtor. | : |
| | : |
| Douglas Schwarzwaelder and Ronald Lesicki, individually and derivatively on behalf of Safe Harbor Distribution LLC | : Adversary Case No.: |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| Christopher M. Quigley | : |
| | : |
| Defendant. | : |

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND UNDER RELIEF

Plaintiffs, Douglas Schwarzwaelder and Ronald Lesicki, individually and derivatively on behalf of Safe Harbor Distribution LLC, by and through their undersigned attorneys, hereby file this Complaint against Debtor/Defendant Christopher M. Quigley to Determine the Non-Dischargeability of Certain Debt, and other relief as set forth herein, and in support thereof state as follows:

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334.

2. The proceeding constitutes a core proceeding pursuant to Section 28 U.S.C. §157(b)(2).

3. Venue properly lies in this Court pursuant to 28 U.S.C. §1409.

## BACKGROUND

4. Plaintiff, Douglas Schwarzwaelder, ("Schwarzwaelder") is an individual with an address of 928 Society Hill Boulevard, Cherry Hill, New Jersey 08003.

5. Plaintiff, Ronald Lesicki ("Lesicki"), is an individual with an address of 3 North Columbus Boulevard, 4th Floor, Philadelphia, PA 19106.

6. Defendant/Debtor, Christopher Quigley ("Defendant" or "Quigley"), is, upon information and belief, an adult individual located at 825 Galer Road, Newton Square, PA 19073.

7. Safe Harbor Distribution, LLC ("SHD") is a Pennsylvania limited liability company with an address of 825 Galer Road, Newton Square, PA 19073.

8. Plaintiff Schwarzwaelder owns a twenty percent (20%) membership interest in SHD, Plaintiff Lesicki owns a thirty percent (30%) membership interest in SHD, and Defendant Quigley – the only other shareholder – owns a fifty percent (50%) membership interest in SHD.

9. Notwithstanding the above, Defendant alleges that Lesicki owns less than 30% of SHD.

10. SHD was formed in or about October 2017 and was funded, directly or indirectly, with monies from Plaintiffs.

11. Defendant Quigley has, at all times, been the sole officer and director of SHD.

12. Since the inception of SHD, Defendant has been in possession of the checkbooks and accounts of SHD.

13. Lesicki gave and entrusted funds directly to Defendant to be held in trust and deposited into the accounts of SHD, and used only by SHD for operating expenses.

14. The monies entrusted by Plaintiffs to Defendant were expressly to be used strictly for the purposes of SHD business.

15. Defendant represented to Plaintiffs that he needed money to fund the operations of SHD and that said funds would be used for those purposes only.

16. In reliance on said representations, which were knowingly false, Plaintiffs provided funds to SHD.

17. Notwithstanding, Defendant knowingly and intentionally misappropriated SHD's funds and assets for his own benefit and to the detriment of Plaintiffs and SHD.

18. Specifically, Defendant used assets of SHD to pay for his personal expenses including, but not limited to, his child's tuition to a private high school and college tuition for his children.

19. Plaintiffs, at all times material hereto, were shareholders of SHD.

20. Upon information and belief, and as set forth at further length above, Defendant Quigley:

    a. embezzled SHD assets to improperly pay personal expenses;

    b. failed to pay creditors including, but not limited to, Plaintiffs and used the money for his own benefit; and/or

    c. improperly paid himself and paid for personal expenses, which caused SHD to be unable to pay its debts.

21. Defendant, as the majority shareholder and sole officer and director, possesses SHD's books and records and has refused, despite demand, to allow Plaintiffs access to the same.

22. Plaintiffs demanded access to such information in order to further investigate such matters, both verbally and through emails, and Defendant did not comply.

3

23. Defendant's failure to respond to Plaintiffs and/or provide information makes it clear that Defendant is not going to address Plaintiffs' claims and/or concerns either in his individually capacity or on behalf of SHD.

24. Any attempt by Plaintiffs to obtain relief from SHD for Defendant's action would be ineffective in light of the fact that Defendant controls at least 50% of SHD.

25. As the only other shareholders, Plaintiffs adequately represent all other shareholders aside from Defendant.

26. Defendant Quigley's acts and/or omissions are detrimental to SHD and, despite demand, Defendant has failed to produce documentation regarding the same or to take action in connection with the same.

27. SHD and its shareholders have incurred damages as a result of Defendant's acts and/or omissions including, but not limited to, the improper use and transfer of its assets causing it to be unable to pay its obligations.

## COUNT I
## Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A)

28. Plaintiffs hereby incorporate by reference the averments of all the paragraphs above as though each were fully set forth herein.

29. Defendant Quigley knowingly and fraudulently used, embezzled and misappropriated money belonging to SHD for his own personal use, benefit and expenses.

30. In so doing, Defendant accrued a debt to Plaintiffs which was obtained through false pretenses, a false representation, and/or through actual fraud.

31. Defendant's actions resulted in the insolvency of SHD and deprived SHD and Plaintiffs of money owed to them.

4

32. Defendant is the only officer and director, is at least a 50% shareholder of SHD and has filed for bankruptcy protection. Consequently, Plaintiff has not made demand upon him to return the fraudulently misappropriated funds as such a demand would have been futile.

33. Plaintiffs detrimentally relied on Defendant's knowingly false representations that the funds provided to him would be solely used for the benefit of SHD.

34. In light of the fact that Defendant took money from Plaintiffs under false pretenses, false representations and/or actual fraud, Plaintiffs respectfully suggest that all such debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

**WHEREFORE**, Plaintiffs, Douglas Schwarzwaelder and Ronald Lesicki, individually and derivatively on behalf of Safe Harbor Distribution, LLC, respectfully request that judgment be entered against the Debtor/Defendant, Christopher Quigley as follows:

a. To produce an accounting of any monies taken, used and/or received by Defendant relating, directly or indirectly, to SHD from October 1, 2017 to the present;

b. To produce all the books and records of Safe Harbor Distribution, LLC including, but not limited to, bank records since October 1, 2017;

c. To produce Defendant Quigley's personal tax returns for the years 2017 to the present;

d. To produce SHD's tax returns for the years 2017 to the present;

e. To produce copies of all 1099s and W-2s received by and/or issued by Defendant or Safe Harbor Distribution in all the years from 2017 to the present;

  f.  To enjoin Defendant from disbursing, redirecting or withdrawing any money from Safe Harbor Distribution, LLC;

  g.  To enjoin Defendant from dissolving Safe Harbor Distribution, LLC;

  h.  Award Plaintiffs' damages against the Defendant;

  i.  Award Plaintiffs attorneys' fees, interest, late fees and costs of suit;

  j.  Award Plaintiffs punitive, treble, compensatory, exemplary, consequential and/or special damages; and/or

  k.  Such other and further relief as this Court deems just and proper.

## COUNT II
### Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(4)

35. Plaintiffs hereby incorporate by reference the averments of all the paragraphs above as though each were fully set forth herein.

36. Defendant Quigley, as sole officer and director of SHD, was entrusted with access to and use of SHD's accounts.

37. Defendant was further entrusted with funding directly from Plaintiffs which were funds that belonged to SHD.

38. Defendant embezzled funds of SHD and used such funds to pay for his personal expenses.

39. As such, Defendant intentionally and fraudulently embezzled said funds.

40. Furthermore, such actions constitute a breach of Defendant's fiduciary duty to Plaintiffs and SHD.

41. Defendant never disclosed his embezzlement, nor did he pay back the money to SHD and/or Plaintiffs.

42. Defendant's acts of embezzlement and breaches of his fiduciary duty have caused Plaintiffs to suffer damages.

43. Consequently, Defendant may not discharge any debt acquired through fraud or defalcation while acting in a fiduciary capacity and/or through embezzlement or larceny, pursuant to 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiffs, Douglas Schwarzwaelder, individually and derivatively on behalf of Safe Harbor Distribution, respectfully requests that judgment be entered against the Defendants, Safe Harbor Distribution LLC, and Christopher Quigley, jointly, severally and collectively as follows:

a. To produce an accounting of any monies taken, used and/or received by Defendant relating, directly or indirectly, to SHD from October 1, 2017 to the present;

b. To produce all the books and records of Safe Harbor Distribution, LLC including, but not limited to, bank records since October 1, 2017;

c. To produce Defendant Quigley's personal tax returns for the years 2017 to the present;

d. To produce SHD's tax returns for the years 2017 to the present;

e. To produce copies of all 1099s and W-2s received by and/or issued by Defendant or Safe Harbor Distribution in all the years from 2017 to the present;

f. To enjoin Defendant from disbursing, redirecting or withdrawing any money from Safe Harbor Distribution, LLC;

g. To enjoin Defendant from dissolving Safe Harbor Distribution, LLC;

    h.    Award Plaintiffs' damages against the Defendant;

    i.    Award Plaintiffs attorneys' fees, interest, late fees and costs of suit;

    j.    Award Plaintiffs punitive, treble, compensatory, exemplary, consequential and/or special damages; and/or

    k.    Such other and further relief as this Court deems just and proper.

## COUNT III
### Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(6)

44.    Plaintiffs hereby incorporate by reference the averments of all the paragraphs above as though each were fully set forth herein.

45.    Defendant's actions constitute a willful and malicious injury to Plaintiffs and SHD.

46.    Accordingly, Defendant is not entitled to be discharged from his debts owed to Plaintiffs, in accordance with 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiffs, Douglas Schwarzwaelder and Ronald Lesicki, individually and derivatively on behalf of Safe Harbor Distribution, LLC, respectfully request that judgment be entered against the Debtor/Defendant, Christopher Quigley as follows:

    a.    To produce an accounting of any monies taken, used and/or received by Defendant relating, directly or indirectly, to SHD from October 1, 2017 to the present;

    b.    To produce all the books and records of Safe Harbor Distribution, LLC including, but not limited to, bank records since October 1, 2017;

    c.    To produce Defendant Quigley's personal tax returns for the years 2017 to the present;

    d.    To produce SHD's tax returns for the years 2017 to the present;

e. To produce copies of all 1099s and W-2s received by and/or issued by Defendant or Safe Harbor Distribution in all the years from 2017 to the present;

f. To enjoin Defendant from disbursing, redirecting or withdrawing any money from Safe Harbor Distribution, LLC;

g. To enjoin Defendant from dissolving Safe Harbor Distribution, LLC;

h. Award Plaintiffs' damages against the Defendant;

i. Award Plaintiffs attorneys' fees, interest, late fees and costs of suit;

j. Award Plaintiffs punitive, treble, compensatory, exemplary, consequential and/or special damages; and/or

k. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

FLEISCHER, FLEISCHER & SUGLIA, P.C.

By: /s/ Nicola G. Suglia
    Nicola G. Suglia, Esquire
    Four Greentree Centre
    601 Route 73 N., Suite 305
    Marlton, NJ 08053
    (856) 489-8977
    nsuglia@fleischerlaw.com
    Attorneys for Plaintiffs
    Douglas Schwarzwaelder and
    Ronald Lesicki

Dated: November 27, 2018

## VERIFICATION

Douglas Schwarzwaelder, of full age being duly sworn upon his oath according to law, says:

1. I am the Plaintiff in the above captioned matter.

2. I am familiar with the allegations set forth in the Complaint.

3. I have read the allegations in the Complaint and, to the best of my knowledge, believe such allegations to be true.

_____
Douglas Schwarzwaelder

## VERIFICATION

Ronald Lesicki, of full age being duly sworn upon his oath according to law, says:

1. I am the Plaintiff in the above captioned matter.

2. I am familiar with the allegations set forth in the Complaint.

3. I have read the allegations in the Complaint and, to the best of my knowledge, believe such allegations to be true.

_____
Ronald Lesicki

M:\Clients\Schwarzwaelder\Christopher Quigley\Chapter 13 Bankruptcy\Derivative Complaint-11.21.18.doc